Jesse Dickerson v. The State.

No. 5299.  Decided February 19, 1919.

Rehearing May 29, 1919.

1.—Aggravated Assault—Complaint.

Where, upon trial of aggravated assault the information and the complaint charged an assault upon "Mary Loo Dickerson, the said ————— then and there being a female," the contention that this did not sufficiently allege that the then and there being a female referred to Mary Loo Dickerson is not well taken, and the complaint is sufficient.

2.—Same—Jurat—Assistant Attorney.

See opinion showing that the affidavit was properly taken before the Assistant County Attorney, and was therefore sufficient.  Davidson, Presiding Judge, dissenting.

Appeal from the County Court of Ellis.—Tried below before the Hon. W. M. Tidwell.

Appeal from a conviction of aggravated assault; penalty, a fine of twenty-five dollars.

The opinion states the case.

No brief on file for appellant.

E. A. Berry, Assistant Attorney General, for the State.—Cited Jessel v. State, 42 Texas Crim. Rep., 72; Landreth v. State, 73 Texas Crim. Rep., 377, 166 S. W. Rep., 503.

DAVIDSON, Presiding Judge.—Appellant was convicted of aggravated assault, his punishment being assessed at a fine of $25.

The complaint is attacked for want of sufficiency in its averments to show Mary Loo Dickerson was then and there a female.  The allegations are as follows: "Jesse Dickerson, an adult male, did unlawfully commit an aggravated assault in and upon the person of one Mary Loo Dickerson, the said ————— then and there being a female."  It does not specify that Mary Loo Dickerson was a female.  We are of opinion this is not sufficient. I Branch's Ann. P. C., 252, et seq.

The complaint, also, does not show to have been sworn to; at least there is no jurat of the officer attached to the complaint. It is signed by R. A. Davenport.  Following the signature is this language: "Sworn to and subscribed by R. A. Davenport, before me, on this 18 day of October, 1918. ————— County Attorney of Ellis County, Texas."  There is marked on the complaint the following: "W. H. Fears, Assistant County Attorney, Ellis County. Filed October 18, 1918.  Rush Hickman, County Clerk, Ellis County, Texas."  The name of the county attorney is left blank and thereby fails to allege or show that the county attorney of Ellis county took

the affidavit or swore the affiant. The assistant county attorney's name appearing upon it does not show that he took the affidavit. Without a complaint sworn to there is no basis for the information. This defect can be taken advantage of on the appeal in this court.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING

May. 28, 1919.

DAVIDSON, Presiding Judge.—On a former day of the term the judgment herein was reversed. The State has filed a motion for rehearing. insisting that the reversal was erroneous and should be set aside and the judgment affirmed.

The charging part of the complaint is as follows: "one Jesse Dickerson, an adult male, did unlawfully commit an aggravated assault in and upon the person of one Mary Loo Dickerson, the said ——————— then and there being a female." The contention of appellant was that this did not sufficiently allege that the "then and there being a female" referred to Mary Loo Dickerson. Upon a more careful review of this question the court is of the opinion that the complaint is sufficient to charge that the statement "then and there being a female" referred to Mary Loo Dickerson. The word "said" preceding the blank may be treated as surplusage, but if not, then the expression "then and there being a female" would refer to the last preceding name mentioned in the complaint. Under that view of it this allegation would be sufficient to show that Mary Loo Dickerson was referred to by the expression "then and there being a female." From that viewpoint of it, we are of opinion the reversal should be set aside.

It is also contended that the former opinion was in error in holding that the complaint did not show it was sworn to before W. H. Fears, Assistant County Attorney. Without repeating the complaint, it is signed by R. A. Davenport, Affiant, and recites:

"Sworn to and subscribed by R. A. Davenport, before me, on this 18 day of October, 1918.

County Attorney of Ellis County, Texas.
W. H. Fears, Assistant County Atty. Ellis County.
　　Filed Oct. 18, 1918.　　　　　Rush Hickman,
　　　　　　　Co. Clerk, Ellis Co., Texas."

The majority of the court is of the opinion that this sufficiently shows that the affidavit was taken by W. H. Fears, Assistant County Attorney of Ellis County. The writer is inclined to the opinion that it does not show that W. H. Fears took the affidavit. He re-

gards it as an endorsement on the complaint that W. H. Fears was Assistant County Attorney and not that he took the affidavit.

For the above reasons the judgment of reversal is set aside, and the judgment is affirmed.

*Affirmed.*